# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 31 2019, 9:38 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Jared Michel Thomas
JMT Law, LLC d/b/a Thomas Law
Evansville, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Matthew B. MacKenzie
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Brandie Rose Malicoate, *Appellant-Defendant,* | December 31, 2019 |
| v. | Court of Appeals Case No. 19A-CR-1938 |
| | Appeal from the Vanderburgh Superior Court |
| State of Indiana, *Appellee-Plaintiff.* | The Honorable Robert J. Pigman, Judge |
| | Trial Court Cause No. 82D03-1811-F2-7370 |

**Bailey, Judge.**

# Case Summary

Brandie Rose Malicoate ("Malicoate") challenges her fourteen-year aggregate sentence imposed following her pleas of guilty to Dealing in Methamphetamine, as a Level 2 felony,[1] and Carrying a Handgun Without a License, as a Class A misdemeanor.[2] She presents the issue of whether her sentence is inappropriate. We affirm.

# Facts and Procedural History

On November 1, 2019, Malicoate was detained in a traffic stop in Evansville, Indiana and found to be in possession of an unlicensed handgun, 26.5 grams of methamphetamine (packaged in four individual baggies), a digital scale, MDMA pills, and $1,270.00. After her arrest and booking into jail, Malicoate asked to speak with police officers. She advised the officers that she had been traveling to New Albany, Indiana several times per week to bring back methamphetamine for distribution in Evansville. According to Malicoate's estimate, she had sold approximately forty-eight pounds of methamphetamine in Evansville during the preceding four months. She offered to cooperate with law enforcement drug interdiction efforts.

---

[1] Ind. Code § 35-48-4-1.1(a)(2).

[2] I.C. § 35-47-2-1.

Malicoate was released from jail but instead of cooperating with law enforcement, she absconded. Malicoate was re-arrested and held without bond. On April 3, 2019, she pled guilty to charges of Dealing in Methamphetamine and Carrying a Handgun Without a License. On June 17, 2019, she received a sentence of fourteen years for the dealing offense and a concurrent one-year sentence for the handgun offense. On July 31, 2019, the trial court granted Malicoate's motion to file a Belated Notice of Appeal pursuant to Indiana Post-Conviction Rule 2.

# Discussion and Decision

Pursuant to Indiana Code Section 35-50-2-4.5, a person who commits a Level 2 felony shall be imprisoned for a fixed term of between ten years and thirty years, with an advisory sentence of seventeen and one-half years. Pursuant to Indiana Code Section 35-50-3-2, a person who commits a Class A misdemeanor shall be imprisoned for not more than one year. Malicoate contends that her sentence is inappropriate and asks that we revise it to the minimum, ten-year aggregate sentence, because she pled guilty and has no felony criminal history.

Under Indiana Appellate Rule 7(B), this "Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." In performing our review, we assess "the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Cardwell v.*

*State*, 895 N.E.2d 1219, 1224 (Ind. 2008). The principal role of such review is an "attempt to leaven the outliers." *Id.* at 1225. Appellate courts thus "reserve our 7(B) authority for exceptional circumstances." *Taylor v. State*, 86 N.E.3d 157, 165 (Ind. 2017).

[6] The "considerable deference" given to the trial court's sentencing judgment "should prevail unless overcome by compelling evidence portraying in a positive light the nature of the offense (such as accompanied by restraint, regard, and lack of brutality) and the defendant's character (such as substantial virtuous traits or persistent examples of good character)." *Stephenson v. State*, 29 N.E.3d 111, 122 (Ind. 2015) (citing *Cardwell*, 895 N.E.2d at 1222).

[7] The nature of the offense involves the details and circumstances of the crime and the defendant's participation. *Perry v. State*, 78 N.E.3d 1, 13 (Ind. Ct. App. 2017). Dealing in Methamphetamine is a Level 2 felony if the amount of the drug is at least ten grams. I.C. § 35-48-4-1.1(a)(2). Malicoate possessed with intent to deliver more than twice that amount of methamphetamine, specifically, 26.5 grams.

[8] The character of the offender is found in what courts learn of the offender's life and conduct. *Perry*, 78 N.E.3d at 13. Malicoate's decision to plead guilty indicates some acceptance of responsibility for her actions; however, the decision to plead guilty was likely pragmatic, as Malicoate was found in possession of individually-packaged methamphetamine, a large quantity of cash, an unlicensed handgun, MDMA pills, and digital scales with

methamphetamine residue. She admitted to her recent sales of an estimated forty-eight pounds of methamphetamine. Finally, her decision to flee instead of fulfilling her promise to cooperate with police does not speak well of her character.

To the extent that Malicoate argues "the trial court gave no weight to her lack of criminal history, no weight to the hardship upon her dependents, no weight to her physical health issues, and absolutely no weight for her guilty plea," Appellant's Brief at 15, we cannot provide the requested relief. The weight given to the trial court's reasons for imposing a sentence is not subject to appellate review. *Anglemyer v. State*, 868 N.E.2d 482, 491 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218. Malicoate did not have a felony criminal history. However, she had not remained a law-abiding citizen up until the current offense.

Having reviewed the matter, we conclude that the trial court did not impose an inappropriate sentence under Appellate Rule 7(B), and the sentence does not warrant appellate revision. Accordingly, we decline to disturb the sentence imposed by the trial court.

# Conclusion

The sentence imposed upon Malicoate is not inappropriate.

[12]     Affirmed.

Kirsch, J., and Mathias, J., concur.